UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCOS TOPETE,<br><br>Plaintiff,<br>v.<br><br>DIRECTOR OF NURSING HDSP, *et al.*,<br><br>Defendants. | Case No. 3:24-cv-00419-MMD-CLB<br><br>ORDER |

Plaintiff Marcos Topete brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated in the custody of the Nevada Department of Corrections. (ECF No. 8.) On January 30, 2025, the Court issued a screening order directing Topete to file an amended complaint by April 29, 2025. (ECF No. 7.) The Court warned Topete that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 6.)

The Court's screening order came back as undeliverable. (ECF No. 10.) The Court issued an order directing Topete to file his current address with the Court, and Topete filed an updated address. (ECF Nos. 13, 15.) On March 18, 2025, the Court issued an order sending a copy of the previous screening order to Topete's updated address and directing him to file an application to proceed *in forma pauperis* for non-prisoners, or pay the $405 filing fee, by April 29, 2025. (ECF No. 16.) The deadline passed, and he did not file an application to proceed *in forma pauperis* for non-prisoners nor did he pay the $405 filing fee, file an amended complaint, move for an extension, or otherwise respond.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Topete's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a

case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Topete files an amended complaint and either files an application to proceed *in forma pauperis* for non-prisoners or pays the $405 filing fee, the only alternative is to enter another order setting a new deadline. However, the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. Here, the circumstances do not indicate that this case will be an exception: there is no indication that Topete did not receive the Court's March 18, 2025 order nor that he needs additional time to comply with the order. Setting another deadline is not a meaningful alternative given these circumstances. Therefore, the fifth factor favors dismissal.

The Court finds that these factors weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Topete's failure to file an amended complaint in compliance with the Court's January 20, 2025 order and for his failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the $405 filing fee in compliance with the Court's March 18, 2025 order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Topete wishes to pursue his claims, he must do so in a new case.

It is further ordered that Topete's application to proceed *in forma pauperis* for inmates (ECF No. 5) is denied as moot.

DATED THIS 16th Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE